UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 15-mj-3075-KAR |
| | ) | Charging District's Case No.: |
| CHRISTOPHER M. HECKLEY, | ) | 15-CR-520-DB |
| | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER REGARDING
PRE-TRIAL RELEASE

I.    RELEVANT BACKGROUND

Around mid-September 2015, a Utah grand jury returned a two-count indictment against

defendant Christopher Heckley ("Defendant"), charging him with coercion and enticement for

illegal sexual activity in violation of 18 U.S.C. § 2422(b), and transportation of a minor in

violation of 18 U.S.C. § 2423(a).  Defendant, a resident of Massachusetts, made an initial

appearance in this court on September 17, 2015.  Counsel was appointed and Defendant waived

his right to contest identity.  The government moved for detention.  After hearing, the court set

conditions of release, including appointing Defendant's mother as a third party custodian, and

directed that he self-report to Utah by September 30, 2015.

Defendant self-reported to Utah, where he appeared before United States Magistrate

Judge Paul M. Warner.  Judge Warner order pretrial release for Defendant subject to stringent

conditions.  The Massachusetts Pretrial and Probation Office agreed to supervise Defendant

pending trial.  His conditions of release included, but were not limited to, 24-hour a day

incarceration at his mother's home except for employment, education, religious services,

medical, substance abuse or mental health treatment, attorney visits, court appearances, court-

ordered obligations or other activities pre-approved by a pre-trial officer, electronic location

1

monitoring, no contact with the victim or any other potential witness, and – particularly pertinent for purposes of this order – no possession of, or access to, any electronic device that connects to the internet, and no access to the internet.  *See* Dkt. No. 7, 15-cr-00520-DB.  Defendant was advised that home visits would be conducted throughout his period of pretrial release.

On or around March 23, 2016, Supervising United States Probation Officer Jesse Gomes reported to the Utah Pretrial Services Department that, during a home visit, he discovered that Defendant had access to a Play Station 4 which connected to the internet, possessed a track telephone with internet access, and either possessed or had access to a Samsung smart phone. Following Mr. Gomes's report of these apparent violations, the Utah Pretrial Services Department filed a petition charging the following violations of Defendant's supervised release conditions:

- On or about March 23, 2016, Defendant accessed the internet;

- On or about March 23, 2016, Defendant was found in possession of an internet capable device, to wit, a PS4;

- On or about March 23, 2016, Defendant was found in possession of an internet capable device, to wit, a Samsung Galaxy SIII; and

- On or about March 23, 2016, Defendant was found in possession of an internet capable device, to wit, a track phone.

The Utah Pretrial Services Department requested issuance of a warrant, which request was granted by Judge Warner.  Defendant was arrested in Massachusetts on March 28, 2016.  Judge Warner requested that the undersigned conduct the hearing required under the Bail Reform Act, 18 U.S.C. § 3148 ("Section 3148"), on the government's detention motion.  The hearing was held on March 28, 2016.  Defendant was represented by Massachusetts defense counsel.

II.     DISCUSSION

Section 3148 provides, in pertinent part, that a judicial officer "shall enter an order of revocation and detention if, after hearing, the judicial officer –

(1) Finds that there is –
  . . .
   (B) clear and convincing evidence that the person has violated [a] condition of release; and
(2) finds that –
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) The person is unlikely to abide by any condition or combination of conditions of release.
. . .

If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

Defendant's conditions of release, signed by him here in Massachusetts, include the provision that he "shall not possess or have access to any electronic device that connect[s] to the internet and shall have no access to the internet."  I find that the government has shown, by clear and convincing evidence, that Defendant violated this condition of his supervised release.  Indeed, through counsel, he admitted as much at the hearing.

The government appropriately did not argue that the conditions currently in place are insufficient to guard against flight by Defendant.  In the court's view, the current conditions are sufficient to ensure that Defendant will not flee.  He is a long-term resident of Massachusetts, living with his mother, has very limited financial resources and no reliable transportation, and he is subject to effective location monitoring.  I further find that the conditions currently in effect are sufficient to ensure that Defendant does not pose a danger to the safety of any other person or the community.  There was no evidence at the hearing that Defendant used his access to the

internet to communicate with the victim or potential witnesses in the case or to engage in
conduct of the kind that resulted in the currently pending charges against him.[1]  Nor was there
evidence that he otherwise poses a risk to the safety of any other person or the community.  He is
employed, subject to home incarceration, reporting as directed to Probation and Pretrial Services
and meeting regularly with a mental health counselor with whom he has a beneficial therapeutic
relationship.  Prior to March 23, 2016, so far as Probation and Pretrial Services was aware,
Defendant was compliant with the appropriately stringent conditions of pretrial release set by
Judge Warner.

   The government argued – with some force – that Defendant is unlikely to abide by the
condition that he not possess or have access to an electronic device with internet capability and
not access the internet, and points out that Probation and Pretrial Services has a somewhat
limited ability to police his compliance with this condition.  Nonetheless, the court is not
persuaded that it is unlikely that Defendant will refrain from internet access between now and his
July 2016 trial date.  Defendant's mother, with whom Defendant resides,[2] took some
responsibility for Defendant's violation of the prohibition on his use of the internet, representing
that she bought Defendant the track telephone for his safety because his car is unreliable and
accidently purchased internet access.  She assured the court that the Play Station 4 has been
removed from her home and that the only device remaining in the house that has internet access

---

[1] The court directed Defendant to turn over the telephone he used to the government for
investigation of its use, and indicated that if there was evidence that it had been used to
communicate with the victim or a potential witness or to commit or attempt to commit a
violation of a federal, state or local law, the court would, on motion, reconsider its decision on
pretrial detention.
[2] The conditions of pretrial release entered by this court on September 17, 2015 placed
Defendant in his mother's custody, largely for purposes of ensuring his appearance in Utah.
Under the superseding pretrial release conditions entered by Judge Warner on September 30,
2015, Defendant is no longer formally in his mother's custody.

is password protected and that she will change the password for the device.  As an additional condition on Defendant's release, the court directed Probation and Pretrial Services to investigate providing Defendant (at his expense) with a so-called "safe phone" that allows for texting and telephone calls but does not provide internet access.  Defendant was told that further violations of this nature would likely result in revocation of his pretrial release and the loss of an important opportunity to demonstrate to the court that he is able to comply with court-ordered restrictions on his behavior.  The court concludes, based on these considerations, that with the additional provision of a safe phone, Defendant is likely to comply with the conditions of pretrial release established by Judge Warner, including the condition that he not have access to the internet.

When a court makes findings like those set forth above, Section 3148 directs the court to the factors set out in 18 U.S.C. § 3142(g) for purposes of determining whether a defendant should remain on pretrial release after a violation of release conditions.  Judge Warner considered these factors when he ordered Defendant released pending trial subject to very restrictive conditions.  Tending in favor of detention, the offense with which Defendant is charged involved a minor, and the evidence against him is strong.  On the other hand, Defendant is a young man with no criminal history, and no history of drug or alcohol abuse.  He self-reported to Utah and he complied with Judge Warner's directive to obtain employment.  He has a very supportive family in Massachusetts, where his mother is employed by a law enforcement agency.  He appears fragile emotionally and has established a therapeutic relationship with a mental health care provider here, who recently referred him for a consultation with another provider.  An assessment of Defendant's circumstances using the factors set out in 18 U.S.C. § 3142(g) has, if anything, slightly strengthened the case for pretrial release in the interval since Defendant appeared before Judge Warner because he self-reported and obtained employment.

Thus, the assessment of the factors in 18 U.S.C.§ 3142(g) supports continued pretrial release for Defendant, subject to the conditions imposed by Judge Warner.

III.    CONCLUSION

For the foregoing reasons, the court orders that Defendant remain on release pending trial subject to the existing conditions of pretrial release imposed by Judge Warner, with the additional condition that Probation and Pretrial Services is directed to provide Defendant with a "safe phone" if possible, at Defendant's expense.


Dated: March 30, 2016                                     /s/Katherine A. Robertson
                                                          KATHERINE A. ROBERTSON
                                                          U.S. MAGISTRATE JUDGE